UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 03479

BENJAMIN ORTIZ

                        Plaintiff

v.

                        Civil Case No.
                        **COMPLAINT**
                        Under the Civil Rights Act,
                        42 U.S.C. § 1983

RECEIVED
MAY 04 2015
U.S.D.C. S.D.N.Y.
CASHIERS

THE CITY OF NEW YORK

NEW YORK CITY POLICE OFFICER JULIO GONZALEZ,
SHIELD # 031228 (Individually
and in an official capacity)

NEW YORK CITY POLICE OFFICER JANE DOE,
(fictitious name) (Individually
and in an official capacity)

                        Defendants

1. Now comes the Plaintiff, Benjamin Ortiz, by and through his attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, and complaining against Defendant City of New York, Defendant New York City Police Officer Julio Gonzalez, Shield # 031228 (in an individual capacity and in an official capacity) and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth, and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United

States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because this is where the events complained of occurred, and the Defendants are located in this District.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Benjamin Ortiz is a citizen of the United States residing in Bronx County, New York City, in the United States of America.

7. Defendant New York City Police Officer Julio Gonzalez, Shield # 031228 is a police officer who, at the time of the incident, was employed by the New York City Police Department. Defendant Police Officer Julio Gonzalez is being sued individually and in an official capacity.

8. Defendant New York City Police Officer Jane Doe is a police officer who, at the time of the incident, was employed by the New York City Police Department. Defendant Police Officer Jane Doe being sued individually and in an official capacity.

9. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

10. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the

State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City.

## FACTS

11. On 3 May 2012 at about 8:00 at night, Defendant Police Officers entered the Plaintiff's home without permission and authority. The Defendant Police Officers ordered the Plaintiff to come with them. The Plaintiff was taken from his residence, placed in handcuffs, and taken to a Police Station. The Plaintiff states that he had committed no crime or criminal offense, and that he had violated no provision of the penal law

## FEDERAL CLAIMS

## COUNT ONE: FALSE ARREST

12. Plaintiff re-alleges paragraphs 1 through 11 as though set forth in full here.

13. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested, in his home by the Defendant New York City Police Officers on 3 May 2012.

14. The Plaintiff states that the Defendant Police Officers did not have probable cause, or arguable probable cause, to arrest the Plaintiff because on 3 May 2012 because no one specifically identified the Plaintiff as being a party who committed any crime or criminal offense.

15. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 3 May 2012.

16. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

17. Plaintiff states that the Defendant Police Officers did not have permission or authority to enter

the Plaintiff's home.

18. Plaintiff states that he was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

19. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 3 May 2012, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

20. As a direct and proximate result of the wrongful conduct of the Defendant Police Officers as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against

Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for their willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 20 as though set forth in full here.

21. The Plaintiff states that he was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested by Defendant Police Officers 3 May 2012.

22. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to arrest the Plaintiff because on 3 May 2012 no one specifically identified the Plaintiff as being a party who committed any crime or criminal offense.

23. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 3 May 2012..

24. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

25. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 3 May 2012, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

26. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Police Officers as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred

thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars to sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT THREE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

27. Plaintiff re-alleges paragraphs 1 through 26 as though set forth in full here.

28. Plaintiff states that the Defendant New York City Police Officers denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officers "shocks the conscience".

29. The Plaintiff states the Defendant New York City Police Officers conducted a reckless investigation in that the Defendants never confirmed with the witnesses present whether the Plaintiff had committed any crime or offense. Plaintiff was never identified by anyone to the Defendant Police Officer, at the time of arrest, as having committed any crime or offense.

30. Plaintiff states that Defendant Police Officers investigation did not adhere to clearly established New York City Police Department protocol regarding pre-arrest investigations where a police officer does not have an arrest warrant.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars to sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER INOA

31. Plaintiff re-alleges paragraphs 1 through 30 as though set forth in full here.

32. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise Defendant New York City Police Officers.

33. Plaintiff states that Defendant Police Officers entered his residence without a warrant, and without permission and authority.

34. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations involving individuals in their apartments.

35. Plaintiff states that proper training or supervision would have enabled the Defendant New York City Police Officers to understand that a police officer cannot enter an individual's residence without a warrant unless they have permission.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendant; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendant.

COUNT FIVE: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT NEW YORK CITY POLICE OFFICERS

36. Plaintiff re-alleges paragraphs 1 through 35 as though set forth in full here.

37. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise Defendant New York City Police Officers.

38. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations involving individual's residences.

39. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officers to understand that a police officer cannot enter an individual's home without a warrant and without consent.

40. Plaintiff states that there was no emergency or exigent circumstances that warranted the Defendants unauthorized entry into his residence where Plaintiff's liberty was restricted because the Defendant Police Officers ordered the Plaintiff to accompany them.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

_____
Lawrence P. LaBrew, Esq. (LL4455)
Attorney for the Plaintiff
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500

Date:  1 May 2015
       New York, New York